# National Building & Loan Association *v.* Cheatham *et al.*

### *Bill in Equity against Building & Loan Association for Accounting and for Redemption.*

1. *Bill for accounting and redemption; when contains equity; attorney's fees.*—In a bill filed by a mortgagor against a building and loan association seeking an accounting and redemption, it was averred that the respondent mortgagee was claiming a withdrawal fee and an attorney's fee, and was proceeding to foreclose for said claims under the power contained in the mortgage; that the complainants did not owe said amounts, and that they were not secured by the mortgage. The complainants submitted themselves to the jurisdiction of the court and offered to pay whatever was due from them on account upon the mortgage debt to the respondent. In the mortgage, which was made an exhibit to the bill, it was provided that in the event of the foreclosure under the power, the mortgagor should pay an attorney's fee, when such fee was in fact paid by the mortgagee, or when it may have become a liability against the latter. It was averred in the bill that the respondent had never become liable for the attorney's fee which is claimed by the complainant. While the bill was pending the mortgage was foreclosed under the power. *Held:* That on such allegations the bill, as one to redeem, contains equity and is not open to demurrer, and further that it is of no con-

sequence to the rights of the complainant that the foreclosure under the power contained in the mortgage had occurred after the filing of the bill; since the court having acquired jurisdiction for the purpose of an accounting and redemption, will set aside said sale if necessary to accomplish the purpose for which jurisdiction had been assumed.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The original bill in this case was filed on October 26, 1898, by H. C. Cheatham and B. F. Cheatham, against the National Building & Loan Association. The bill was amended on October 31, 1898.

It was averred in the original and amended bill that the complainants had borrowed $4,000 from the National Building & Loan Association, and to secure the payment thereof they had executed and delivered to said association a mortgage upon certain described lands; that this money was borrowed on the ordinary building and loan plans, and that the complainants had been unable to pay some of the monthly installments as they fell due, and that such failure was continued to a period when the company's by-laws authorized a foreclosure of the mortgage executed by complainants; that said National Building & Loan Association had given notice by advertising that said mortgage would be foreclosed under the power of sale contained therein on October 26, 1898; that among the sums with which the complainant was improperly charged, and as constituting parts of the amount for which the association had advertised said foreclosure sale, was the sum of $40, as a withdrawal fee; that the complainants owed no such sum and had never withdrawn their stock; that there was also included among the sums improperly charged, and for which the mortgage was to be foreclosed, the sum of $400, as attorney's fees for foreclosing such mortgage; that said mortgage contained a provision for attorney's fees in case of foreclosure, but that said association "had not paid or agreed to pay, nor had it become liable to pay any such sum for the foreclosure

[National Building & Loan Association v. Cheatham *et al.*]

of said mortgage; that it had a general understanding with its attorney, which provided in substance, that any foreclosures taking place in Montgomery such attorney might include as his attorney's fee ten per cent. of the amount for which the property should be offered, but that he was to receive it in whole or in part only in the event that nothing was left over after paying the company's debts from the sale of the property, whether such sum should be realized by the foreclosure sale or by a subsequent sale, if the company should buy it in after the foreclosure sale."

The mortgage which was attached as an exhibit to the amended bill contained the following stipulation as to the payment of attorney's fees. That the mortgagor should pay the mortgagee all such sums which the latter "shall have paid, or which it shall be liable to pay as attorney's fees for services in foreclosing this mortgaged property or in defending or protecting the title of the property hereby conveyed, or in obtaining possession of the same."

The bill also attacked several other charges as contained in a statement rendered by the association to the complainants, upon the ground that they were unlawful and improper charges and should not be made against the complainants. There were also many allegations in the bill seeking to attack the mortgage on the ground of usury, the issuance of paid up stock and the mismanagement of the affairs of the association.

The prayer of the bill was that an accounting be stated between the complainants and the National Building & Loan Association for the purpose of ascertaining the amount legally due on said mortgage, and that the complainants be permitted to redeem; the complainants offering to pay such sum as might be ascertained to be due. Between the time of the filing of the bill and the filing of the amendment, the property was sold under the power contained in the mortgage.

To the bill as amended the respondents demurred upon the following grounds: "1. Said bill is without equity in that it shows that complainants made default in the payment of the sum of money which by their contract they agreed and bound themselves to pay; that

by reason of such default on the part of the complainants this respondent had the right to foreclose said mortgage under the power of sale therein contained; and said bill shows no sufficient ground for the interposition of this court to prevent the exercise of such power of sale, or to set aside such sale. 2. Said bill is without equity in this: it appears from the allegations thereof that the complainants made default in the payment of the sum of money which by their contract they agreed and bound themselves to pay and that this respondent lawfully proceeded to foreclose said mortgage under the power of sale therein contained. 3. Said bill is without equity in this: that it appears that said mortgage was lawfully foreclosed under the power of sale therein contained; that this respondent had the right to purchase and did purchase the mortgaged property at is own sale at a sum less than the amount due thereon, including the alleged withdrawal fee and attorney's fee mentioned in said bill. 4. Said bill is without equity in that it appears that said mortgage has been lawfully foreclosed; that at such sale this respondent had the right to purchase and did purchase the property at a sum less than the amount due on the mortgage debt; that an action at law is pending against complainants for the balance due on said debt. Hence it appears, that complainants have a full and adequate remedy at law so far as said withdrawal and attorney's fees are concerned."

The respondents also demurred to separate portions of the bill, but under the opinion on the present appeal it is not necessary to set out these grounds of demurrer.

On the submission of the cause upon the demurrers, there was a decree rendered overruling the demurrer to the bill as a whole, and sustaining some of the grounds of demurrer addressed to separate parts of the bill. The respondent appeals, and assigns as error the decree of the court in overruling the demurrer to the bill as a whole, and that part of the decree which overruled some of the demurrers addressed to the separate portions of the bill.

[National Building & Loan Association v. Cheatham *et al.*]

HOLLOWAY & HOLLOWAY and W. L. MARTIN, for appellant.—As amended the bill is simply one for an accounting and redemption, and to that end it seeks to set aside the foreclosure sale. Setting aside the sale is the main relief; the accounting would be an incident.

If the complainant is not entitled to have the sale set aside, then the bill must fail.—*Wolfe v. Underwood*, 96 Ala. 329, 336; *Security Loan Asso. v. Lake*, 69 Ala. 456, 465; *Johnson v. National B. & L. Asso.*, 125 Ala. 465.

The mere filing of a bill for accounting and redemption has not the effect to stay the sale, so that it performs the office of an injunction; if so, then the exercise of the power of sale in a mortgage, carved out by the mortgagee for his own security and protection and esteemed a valuable right, may be often attended with much annoyance and the right seriously impaired without adequate protection to the mortgagee. The law is exceedingly careful in interfering with the exercise of this power, even when full protection against resulting damages is guaranteed in the shape of an injunction bond. *Security Loan Asso. v. Lake*, 69 Ala. 456, 465; *Struve v. Childs*, 63 Ala. 473; *Vaughan v. Marable*, 64 Ala. 60; *McCalley v. Otey*, 90 Ala. 302, 99 *Ib.* 584; 2 Jones on Mortgages, §§ 1801-1808.

To maintain a bill for an accounting and redemption before foreclosure it must appear that there is a *bona fide* dispute as to the amount of the loan or the payments made thereon.—*Johnson's case*, 125 Ala. 645; *Lake's case*, 69 Ala. 456; 2 Jones on Mortgages, § 1808.

LOMAX, CRUM & WEIL and J. M. CHILTON, *contra.* Under the averments of the bill as to the wrongful charges of the withdrawal fee and an attorney's fee, the complainants were entitled to maintain a bill for an accounting and to redeem. The mortgagor is not bound to await a sale and then proceed to set it aside, when it is threatened, under the facts alleged. He may act to prevent the cloud being cast upon his title when such sale is threatened.—*Rea v. Longstreet*, 54 Ala. 291; *Struve v. Childs*, 63 Ala. 473; *McCalley v. Otey*, 99 Ala. 584; Wiltsie on Mortgage Foreclosures, pp. 904-5; *Vechte v.*

*Brownell,* 8 Paige 212; *Cooch v. Vaughan,* 92 N. C. 610; *Purnell v. Vaughan,* 77 *Ib.* 268; *Capehart v. Biggs, Ib.* 261; *Soule v. Ludlow,* 3 Hun. 503; *Farmers' S. B. & L. Asso. v. Kent,* 131 Ala. 246; 30 So. ꞁep. 874.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the court on demurrer to the bill. The first four grounds of the demurrer are addressed to the bill as a whole, and were overruled by the court. The grounds numbered from five to sixteen, both inclusive, are addressed to parts of the bill, and are, therefore, to be regarded and treated as separate demurrers. Of these, those numbered five, six, seven and twelve, were sustained, and the remaining ones over- ruled. Of these latter, all, except the 16th, set up only matter embraced in those sustained, and consequently the respondent got the full benefit of what was imper- fectly attempted to be set up by them. The 16th is vague and indefinite. It does not designate with that degree of certainty necessary in a demurrer to a par- ticular part of the bill, but leaves the court to perform a labor, which the pleader seems unwilling to under- take.

The bill as amended is one for redemption and an ac- counting. The bill avers, among other things, that the respondent mortgagee is claiming a "withdrawal fee" of forty dollars, and an attorney's fee of four hundred dollars, and is proceeding to foreclose for said claims, under the power given in the mortgage, when in fact the complainants do not owe these amounts, and the same are not secured by the mortgage. The complain- ants submit themselves to the jurisdiction of the court, and offer to pay whatever amount is ascertained to be due from them on an accounting upon the mortgage debt to the respondent. We think it quite clear, that on these allegations, the bill as one to redeem, contains equity and is not open to the demurrer. While the mortgage which is made an exhibit to the bill shows that an attorney's fee is provided for in the contract, in the event of a foreclosure under the power, when such fee is in fact paid by the mortgagee, or when it

may have become a liability, yet it is averred in the bill that respondent has never become liable for the attorney's fee of four hundred dollars which is claimed of the complainants. The charge in the bill is, in substance, that the attorney's fee, which is claimed by the respondent depended upon a contingency, and that the contingency has never happened.

It is of no consequence, that a foreclosure under the power contained in the mortgage has been had since the filing of the bill. The equity of redemption and the right of its enforcement by bill in chancery under the facts alleged, existed at the date of the filing of the bill, and this being true, it is not within the power of the mortgagee to impair such right, by any subsequent act of foreclosure under the power contained in the mortgage. The court having acquired jurisdiction for the purpose of an accounting and redemption, will set aside any subsequent sale made under the power, by the mortgagee, when necessary to accomplish that for which jurisdiction has been assumed.

The court properly ruled on the demurrers to the bill, and its decree will be affirmed.

Affirmed.