194 So. 530

## GARRETT v. FEDERAL LAND BANK OF NEW ORLEANS et al.

5 Div. 298.

Supreme Court of Alabama.

March 7, 1940.

Denson & Denson, of Opelika, D. W. Jackson, of LaFayette, and Jacob A. Walker, of Opelika, for appellant.

Will O. Walton, of LaFayette, E. Herndon Glenn, of Opelika, and Fuller & Fuller, of LaFayette, for appellees.

BOULDIN, Justice.

The bill was filed by appellant to effectuate his statutory right of redemption in real estate, sold under mortgage. Complainant is the mortgagor. The question of moment on this appeal is whether there was error in decreeing the unpaid balance of the mortgage debt to be a lawful charge on redemption.

The controlling facts, as we view the case, are these:

On March 28, 1936, the mortgage being in default, the mortgagee, Federal Land Bank of New Orleans, foreclosed under power of sale and became the purchaser at $2,000, leaving an unpaid balance on the mortgage debt of $2,987.07.

Soon after foreclosure the Land Bank sold the lands in three separate tracts, to different purchasers, received part payment on each tract, executed deeds, and took a mortgage from each purchaser for balance due, as follows:

One tract to J. N. Davidson for $2,500, cash payment $500, purchase money mortgage for $2,000.

One tract to B. G. Clark for $1,700, cash payment $340, purchase money mortgage for $1,360.

One tract to A. W. Yates for $800, cash payment $160, purchase money mortgage $640.

In November of same year this bill was filed, making these several vendees and the Land Bank respondents. Several months after the bill was filed the Federal Land Bank executed to these vendees jointly an instrument in writing purporting to assign to them all interest in the mortgage debt and the note evidencing the same.

Appellant insists the assignment made pending the suit could not bring this unpaid balance in as a lawful charge; that the subject matter of litigation and the equities of the parties therein are determined as of the time of suit brought; that the statutory right of redemption cannot be impaired by dealings between the respondents pending the suit.

■ True, the initial pleading determines the subject matter brought within the lis pendens of the suit. The equities of complainant when suit brought cannot be defeated pending the suit save by his own act or default. National Building & Loan Association v. Cheatham et al., 137 Ala. 395, 34 So. 383; McAllister et al. v. Catchings, 210 Ala. 392, 98 So. 303; Macke v. Scaccia, 222 Ala. 359, 132 So. 880; Rodgers et al. v. Stahmer, 235 Ala. 332, 179 So. 229; 38 C.J. pp. 4, 616.

Under this principle, it may be conceded that if this property had been purchased at the foreclosure sale by these vendees, and were the sole parties respondent, they could not, after suit brought, acquire the unpaid balance on the mortgage debt, and thus impair the complainant's statutory right of redemption by thus increasing the lawful charges.

Lawful charges are defined by Code, § 10145. Subsection 4 reads: "If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, he must also pay any balance due on the debt, with interest thereon to date."

Appellees insist, and the trial court, on the supposed authority of Wilkes v. Hood et al., 237 Ala. 72, 185 So. 748, took the view, that "the time of redemption", within the meaning of the statute, is the time the right and terms of redemption are

194

adjudicated by final decree. The question now before us was not presented nor considered in Wilkes v. Hood et al., supra.

In that case the respondents owned the unpaid balance on the mortgage debt when the bill was filed. The reference to the statute in that opinion must be understood in the light of the case in hand. Neither that decision, nor the terms of the statute, are to be construed as changing the settled principles of jurisprudence recognized by above authorities and others without number.

It does not follow there was error in the decree rendered. If it correctly determined the equities of the case in hand, the reasons upon which the trial court proceeded, are unimportant.

The Federal Land Bank was a party respondent to the bill. It then held the legal title to the property and an equitable interest therein as security for the purchase money due from its vendees. It was a necessary party, one of the parties from whom redemption was sought. Wilkes v. Hood et al., supra.

The Bank, under complainant's version, owned this unpaid balance of the mortgage debt when suit brought. This debt became a lawful charge on redemption because of ownership in the Bank at the time of suit brought.

The assignment of the subject matter of the suit from one party respondent to another pending the suit is permissible in equity, may be brought to the attention of the court in working out the equities between them as of the date of the final decree. Indeed, third parties acquiring interests pendente lite may be brought in. McAllister v. Catchings, supra.

In granting relief, the court, as of course, awards the relief, growing out of the subject matter brought within the lis pendens by the filing of the bill, to which the several parties are entitled at the time of the rendition of the final decree. In this case the court determined first, the amount to be paid into court by complainant to effect a redemption, including therein the unpaid balance on the mortgage debt, and ordered distribution between the Bank and its vendees, awarding the Bank the aggregate sum still due and unpaid from its vendees as per their purchase money notes and mortgages, and distributed the balance pro rata among these vendees. This distribution is unquestioned by any of respondents. Complainant is not concerned therewith.

Our holding is that complainant cannot treat this case as one for redemption from the vendees of the purchaser alone. It seeks redemption from all the respondents; and the balance due on the mortgage debt, was owned by respondent Bank at time of suit brought; was, therefore, a lawful charge, and there was no error in the decree rendered in this regard.

The trial court allowed a credit of $334 on the redemption price by way of reasonable rentals for the lands held by respondents pending the bill to redeem. Appellant insists this sum was inadequate under the evidence.

As we read the decree the trial court allowed the sum claimed on the hearing to be due for such rents.

For this reason we see no reason to hold the court in error in the amount awarded, nor to consider the evidence on this point, nor the principles governing the allowance of such rents under the facts of this case.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.