RICHARD L. HOLMES, Retired Appellate Judge.
The parties were originally divorced in April 1990. Thereafter, in late 1990, the parties resumed their marital relationship and entered into a common-law marriage. The birth of the parties’ minor son occurred in January 1992. In early August 1995, the wife and the parties’ minor child moved to Rye, Colorado.
On August 17, 1995, the husband filed a complaint for divorce in Lee County, Alabama. The husband requested that the trial court award him custody of the parties’ minor child. In September 1995 the husband travelled to Colorado and, without the wife’s consent, returned to Alabama with the minor child.
The wife filed an answer and a counterclaim for divorce, seeking custody of the parties’ minor child.
In October 1995 the parties executed a temporary agreement relative to custody and visitation, pending the final judgment of divorce. The parties agreed that both parents would retairi legal custody. They further agreed that the husband would have temporary physical custody of the parties’ minor child and that the wife would be entitled to visitation with the minor child. By an order dated November 9, 1995, the trial court ratified and approved the parties’ October 1995 agreement.
On February 4,1997, the trial court issued an order, which stated, “This case is dismissed for failure of [the husband] to prosecute same.”
On February 18, 1997, the wife filed a complaint for divorce in Pueblo County, Colorado. In her complaint the wife requested that the trial court award her physical custody of the parties’ minor child. On February 19, 1997, while the husband was in Colorado to pick up the parties’ minor child, the wife served the husband with the Colorado summons and complaint.
The husband filed a motion to reinstate the case to the docket in Lee County, Alabama. The husband’s motion is dated February 20, 1997, and is stamped “Filed February 21, 1997.” The motion stated the following, in pertinent part: “The undersigned [husband’s attorney] avers that [the husband] has now signed the settlement document in this cause and requests that this case be restored to the docket for disposition.”
The trial court issued an order, granting the husband’s motion and restoring the case to the docket for disposition. The trial court’s order is dated February 20,1997, and is stamped “Filed February 27, 1997.”
The trial court issued a judgment of divorce, dated February 20,1997, and stamped “Filed February 21,1997.” The judgment of divorce stated the following, in pertinent part:
“That the AGREEMENT OF THE PARTIES executed by [the husband] and [the wife on] the 30th day of August 1996, is hereby approved, confirmed, and ratified by this court and that said Agreement is incorporated herein and made a part of this Judgment of Divorce.”
We would note that the parties did, in fact, execute a stipulation of settlement, which the trial court adopted in the judgment of divorce. The parties’ agreement provided that the parties would have joint custody of the minor child, with the husband having physical custody of the minor child, subject to the wife’s visitation rights. We would further note that the wife executed this agreement on August 30, 1996, and the husband executed this agreement on September 18, 1996. However, the record reveals that the hus *464 band did not file this agreement until February 21,1997.
On February 27, 1997, the wife filed a motion to set aside the judgment of divorce and dismiss the case for lack of prosecution or lack of jurisdiction. In her motion the wife made the following arguments: (1) It was improper for the trial court to reinstate this matter because there was no mistake, inadvertence, surprise, or excusable neglect that would allow the reinstatement of the case. (2) The trial court lacked jurisdiction because on February 18, 1997, the wife filed a complaint for divorce in Pueblo County, Colorado, after receiving notice that the case in Lee County, Alabama, had been dismissed for failure to prosecute. The husband was properly served with the Colorado summons and complaint on February 19, 1997.(3) The wife was prejudiced by the husband’s delay and inaction, which resulted in the dismissal of the Alabama divorce action for failure to prosecute. Consequently, she found it necessary to file a complaint for divorce in Colorado. (4) The judgment of divorce should be set aside on the grounds of fraud and mistake.
The wife argued that when she served the husband with the Colorado summons and complaint, the husband received notice that she was canceling her August 30, 1996, execution of the stipulation of settlement. However, the husband failed to notify the trial court that a complaint for divorce had been filed in Colorado.
After a hearing, the trial court denied the wife’s motion to set aside. The wife appealed to this court or, in the alternative, petitioned for a writ of mandamus.
We would note that the wife argues that the Colorado courts now have jurisdiction of this matter because, she says, the Alabama action was no longer pending when she filed the action in Colorado. See 28 U.S.C.A. §. 1738A(g) (West 1994); Ex parte Blanton, 463 So.2d 162 (Ala.1985). However, we should not be understood as saying that Colorado now has jurisdiction of this matter. In fact, it would appear that under the provisions of 28 U.S.C.A. § ■ 1738A, Alabama has jurisdiction of this custody matter.
The dispositive issue in this case is whether the trial court should have granted the wife’s motion to set aside the judgment of divorce. For the reasons set out below, we respond in the affirmative.
We have previously noted that on February 4, 1997, the trial court dismissed the Alabama divorce action for lack of prosecution. Thereafter, on February 18, 1997, the wife filed a complaint for divorce in Colorado, and on February 19, 1997, the wife served the husband with the summons and complaint.
On February 21, 1997, when the husband filed his motion to reinstate the case to the docket in Lee County, Alabama, the husband was aware that in the divorce complaint filed in Colorado, the wife was requesting custody of the parties’ minor child. However, it does not appear that the husband advised the trial court that the wife had filed a complaint for divorce in Colorado or that she was now requesting custody of the parties’ minor child. Consequently, we cannot place the trial court in error for issuing a divorce decree which adopted the parties’ August 1996 agreement, because the trial court was apparently unaware that the husband was obtaining an uncontested divorce decree through inappropriate means.
However, as previously noted, the wife advised the trial court in her motion to set aside the divorce decree that the husband had misled the trial court when he filed his motion to reinstate the case. The wife argued that when the husband filed his motion to reinstate, he had notice that the wife no longer agreed to an uncontested divorce. In fact, the husband had notice that the wife was requesting custody of the parties’ minor child, yet the husband failed to advise the trial court of the recent developments in the case.
A motion to set aside is essentially a motion to vacate the judgment, pursuant to Rule 59(e), Ala. R. Civ. P. This court stated the following in Coker v. Farmers Mutual Exchange, 425 So.2d 489, 490 (Ala.Civ.App.1983):
“It is clear that the granting or denying of a rule 59 motion rests largely in the *465 discretion of the trial court. However, such action by the trial court is subject to review at the appellate level and the trial court’s action may be reversed where a legal right was abused and the record plainly and palpably shows the trial court is in error.”
(Citations omitted.)
The record in the present case clearly demonstrates that the wife no longer desired to abide by the parties’ proposed agreement, which she had executed in August 1996. The wife notified the husband that she had changed her mind before he filed the proposed agreement with the trial court. The record also clearly demonstrates that because the husband failed to advise the trial court of the recent developments in the case, the wife was denied her chance to litigate the case on its merits.
Therefore, the trial court abused its discretion when it denied the wife’s motion to set aside. Stated another way, the trial court should have granted the wife’s motion to set aside the divorce decree that granted an uncontested divorce in order to give the wife her “day in court.”
Consequently, the judgment of the trial court is due to be reversed and the cause remanded for proceedings consistent with this opinion. In view of the above, the petition for a writ of mandamus is due to be denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
WRIT DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J, and MONROE and CRAWLEY, JJ., concur in the result.