THOMPSON, Judge.
On January 29, 2002, Faith Nnaife and Felicia Nnaife (hereinafter collectively referred to as “the plaintiffs”) filed a complaint seeking to enforce their statutory right to redemption of certain real property previously sold at a foreclosure sale. In conjunction with the filing of the complaint, the plaintiffs paid $17,901.51 into the trial court; that amount represented the outstanding indebtedness on the subject property, interest, and lawful fees.
Prior to a hearing at which the trial court received ore tenus evidence, the parties stipulated to the following facts. On September 1,1989, the plaintiffs purchased a piece of undeveloped residential property from Clifford Pitt for $18,000. The plaintiffs executed a mortgage in the amount of $16,000 to Pitt in which the plaintiffs agreed to pay $200 per month at a 12% interest rate. The mortgage was for a term of 10 years and was due to be paid in full on September 1,1999. On January 29, 2001, Pitt foreclosed under a power of sale and purchased the subject property for $5,000, leaving an unpaid balance on the mortgage debt of $14,446.78. A foreclosure deed was issued on January 29, 2001.
On June 29, 2001, Pitt sold the property to James W. Kelley and Carolyn B. Kelley. The Kelleys purchased the property for $18,000. Pitt conveyed title to the Kelleys by warranty deed on June 29, 2001. On January 10, 2002, the plaintiffs, in an effort to redeem the property, submitted a written demand, pursuant to § 6-5-252, Ala. Code 1975, in which they asked Pitt to submit a statement of the debt and lawful charges that he claimed. On January 16, 2002, Pitt responded to the plaintiffs’ request, indicating that a $14,446.78 mortgage indebtedness existed on the date of foreclosure and that $1,803.47 in interest on that debt had accrued to date and identifying various charges for foreclosure fees. Pitt provided the plaintiffs with a detailed list of all payments he had received from the plaintiffs; that list was admitted into evidence at trial.
On November 27, 2002, Pitt executed a document entitled “Assignment of Debt,” wherein he assigned his interest in the $14,446.78 mortgage debt that was owed by the plaintiffs to the Kelleys. The document prepared by Pitt provided that the assignment would be retroactively applied to January 29, 2001, the date of the mortgage foreclosure.
The trial court held a hearing on January 21, 2003, at which it received ore tenus evidence. The testimony elicited at the hearing primarily addressed the plaintiffs’ claim that the payment schedule prepared by Pitt, purportedly listing all the payments he received from the plaintiffs, did not include a $5,000 cash payment. Faith Nnaife testified that he made a $5,000 cash payment to Pitt in October 1989, shortly after purchasing the property from Pitt. According to Nnaife, Pitt approached him for a payment, claiming that he had a problem with the Internal Revenue Ser *685 vice and that he needed the money immediately. Nnaife testified that Pitt told him the money would be credited to the outstanding balance on the mortgage. Nnaife stated that he did not ask for a receipt for the $5,000 cash payment.
Nnaife further testified that he had made more payments than those payments reflected in Pitt’s records. According to Nnaife, he made payments to Pitt up until September 1999. Nnaife stated that he had kept records of payments he made to Pitt from August 1997 to September 1999; however, the records were not produced at trial or admitted into evidence.
On March 5, 2003, the trial court entered a judgment in which it, among other things, found that the unpaid balance of the mortgage debt was a “lawful charge” as contemplated by § 6 — 5—253(a) (4), Ala. Code 1975, and that the plaintiffs were not entitled to a credit for payments allegedly made to Pitt prior to the foreclosure date that were not reflected in the payment history of the mortgage debt. The plaintiffs filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., which was subsequently denied by the trial court. The plaintiffs appealed.
The plaintiffs contend on appeal that the trial court incorrectly determined that the unpaid balance of the mortgage debt was a “lawful charge” as contemplated by § 6 — 5—253(a)(4), Ala.Code 1975. Specifically, the plaintiffs assert that the November 27, 2002, assignment of the mortgage indebtedness from Pitt to the Kelleys was not effective so as to make the balance of the mortgage indebtedness a “lawful charge” that must be paid to the Kelleys by the plaintiffs in order to redeem the property. Where the issue presented is a question of law, this court’s review is de novo and no presumption of correctness attaches to the trial court’s judgment. Reynolds Metals Co. v. Hill, 825 So.2d 100 (Ala.2002).
Section 6 — 5—253(a)(4), Ala.Code 1975, states
“(a) Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his or her transferee the purchase price paid at the sale, with interest at the rate allowed to be charged on money judgments as set forth in Section 8-8-10 (as it is now or hereinafter may be amended), and all other lawful charges, also with interest as aforesaid; lawful charges are the following:
[[Image here]]
“(4) Any other valid lien or encumbrance paid or owned by such purchaser or his or her transferee....
“If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, the redemptioner must also pay any balance due on the debt, with interest as aforesaid thereon to date.”
The plaintiffs rely on Estes v. Johnson, 234 Ala. 191, 174 So. 632 (1937), in support of their contention on appeal. In Estes, a mortgagor’s land was sold at a foreclosure sale for less than the mortgage debt. The purchaser of the foreclosed property then sold the land to the respondents without transferring to them the purchaser’s interest in the unpaid balance of the debt. Thereafter, the mortgagor assigned the right to redeem the property from the foreclosure sale to another party (“the as-signee”). The assignee subsequently filed a redemption action seeking to tender only the amount bid at the foreclosure sale, plus interest. On appeal, the respondents argued that the assignee should have paid the balance of the mortgage debt after deducting the amount of the purchase price they paid. However, relying on *686 § 10145(4), Code of Alabama 1923, the supreme court held that payment of the balance of the mortgage debt was not required unless “ ‘the redemption is made from a person who at the time of redemption owned the debt for which the property was sold.’ ” Estes, 234 Ala. at 192, 174 So. at 633.
The plaintiffs argue that the holding in Estes dictates that the appropriate amount necessary to redeem the property in this case is $5,000 (the amount Pitt paid for the property at foreclosure), plus 12% interest accrued on that amount. However, that argument assumes that the November 27, 2002, document issued by Pitt did not effectively assign his interest in the mortgage indebtedness to the Kelleys. Section 6-5-253(a)(4) provides that if redemption is sought from the person who owned the debt at the time the property was sold, the person seeking to redeem the property must pay any balance due on the debt. The record indicates that Pitt assigned his interest in the mortgage debt to the Kel-leys after he purchased the property at foreclosure and after the plaintiffs sought to redeem the property. However, Pitt’s assignment provided that the Kelleys’ interest in the mortgage debt would be applied retroactively to January 29, 2001, the date Pitt purchased the property at foreclosure.
In Garrett v. Federal Land Bank of New Orleans, 239 Ala. 191, 194 So. 530 (1940), the supreme court addressed a similar factual scenario in which the mortgagee foreclosed on property and purchased that property for less than the total mortgage indebtedness on the property. The mortgagee sold the land in three tracts. Several months after the original mortgager sought to redeem the property, the mortgagee assigned his interest in the mortgage debt to the owners of the three tracts. On appeal, the original mortgager contended that the assignment by the mortgagee did not cause the mortgage debt to become a “lawful charge.” The supreme court held that the mortgagee was a necessary party because the balance due on the mortgage debt was owned by the mortgagee at the time the mortgager sought redemption, that the assignment of the subject matter of the suit pending the outcome of the suit was permissible in equity, and that the mortgage debt was a lawful charge. Garrett, 239 Ala. at 193-94, 194 So. at 532. Given Pitt’s assignment of his interest in the mortgage indebtedness to the Kelleys and the supreme court’s holding in Garrett, we conclude that the mortgage indebtedness was a lawful charge as contemplated in § 6-5-253(a)(4), Ala.Code 1975.
The plaintiffs next contend that the trial court’s judgment does not specify in sufficient detail how the process of redemption is to be accomplished. With regard to the redemption process, the trial court’s order states
“Kelley is to immediately cause to be drawn, and execute, a Statutory Warranty Deed reconveying the lands described in the Complaint exhibit from Kelley as grantor to Naife as grantee. The Deed will be delivered to the Clerk of the Circuit Court. Kelley, or their attorney, is to notify the attorney of Nnaife when delivery is perfected to the Clerk. It is unclear to the Court whether the sum tendered to the Court by Nnaife ($17,901.51) has drawn interest since the date of tender, or shortly thereafter. The Clerk is to determine the amount held, subtract said amount from the redemption price of $20,072.67; immediately notify Nnaife’s attorney, and Nnaife is to pay to the Clerk the difference in the amount held as tender, and the redemption price. Upon receipt by the Clerk of the balance of the re *687 demption price, the Clerk will deliver the Deed to Nnaife or their attorney. In the event the balance of the redemption price is not paid promptly, the Clerk is advised the per diem interest of the monied judgment for the redemption price is $6.60 per day. A ‘reasonable period of time’ is deemed to be fourteen days after the delivery of the Reconveyance Deed by Kelley to the Clerk.”
Contrary to the plaintiffs’ assertion on appeal, we find that the trial court’s judgment clearly instructs the parties in sufficient detail how to effectively redeem the property.
The plaintiffs also contend on appeal that the trial court erred when it failed to hold a hearing on their Rule 59, Ala. R. Civ. P., postjudgment motion. It is well settled that the decision whether to grant or deny a Rule 59 motion rests largely within the discretion of the trial court. Gray v. Bush, 835 So.2d 192 (Ala.Civ.App.2001); Barrett v. Davis, 705 So.2d 462 (Ala.Civ.App.1997); Coker v. Farmers Mut. Exch., 425 So.2d 489 (Ala.Civ.App.1983). However, such a decision is subject to appellate review and may be reversed where a legal right was abused and the record plainly and palpably shows the trial court is in error. Gray, supra.
 Rule 59(g), Ala. R. Civ. P., provides that postjudgment motions filed under Rule 59 “shall not be ruled upon until the parties have had opportunity to be heard thereon.” Rule 59(g) mandates that, when a hearing is requested on a postjudgment motion, the hearing must be granted. See Staarup v. Staarup, 537 So.2d 56 (Ala.Civ.App.1988). However, in Kitchens v. Maye, 623 So.2d 1082 (Ala.1993), our supreme court held that although a trial court errs in not granting a hearing on a motion pursuant to Rule 59, Ala. R. Civ. P., such an error does not necessarily constitute reversible error. Rule 45, Ala. R.App. P., provides, in pertinent part:
“No judgment may be reversed or set aside ... for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected the substantial rights of the parties.”
It is harmless error if a trial court fails to hold a hearing in violation of Rule 59(g), “ ‘where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’ ” Kitchens, 623 So.2d at 1088-89 (quoting Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989)).
In their postjudgment motion, the plaintiffs argued that the unpaid balance on the mortgage indebtedness was not a lawful charge as contemplated by § 6-5-253, Ala. Code 1975, and that the portion of the trial court’s judgment regarding the process of redemption was not specific enough with regard to how to accomplish redemption. We have addressed the issues raised by the plaintiffs in their postjudgment motion in the disposition of this appeal. Based on our review of the record and the trial court’s judgment, we cannot say that the trial court erred by denying the plaintiffs’ Rule 59 motion without an evidentiary hearing. See Kitchens v. Maye, supra.
AFFIRMED.
YATES, P.J., concurs.
PITTMAN, J., concurs in the result, without writing.
MURDOCK, J., dissents, with writing, which CRAWLEY, J., joins.