MURDOCK, Judge,
dissenting.
Section 6-5-253(a), Ala.Code 1975, begins by stating simply that a redemptioner of real estate must “pay or tender to the purchaser or his or her transferee the purchase price paid at the [foreclosure] sale.” (Emphasis added.) I believe this language is straightforward. See IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala.1992). I see no reason the Legislature would have chosen this unambiguous expression for the re-demptioner’s basic obligation if it had, in reality, intended to require the redemp-tioner in all cases to pay off the full amount of the mortgage debt that led to the foreclosure sale. If it had intended the latter, it easily could have said so.
The first paragraph of § 6 — 5—253(a)(4) goes on to provide that the redemptioner must, in addition, pay any other “lawful charges” in the form of
“[a]ny other valid lien or encumbrance paid or owned by [the foreclosure] purchaser or his or her transferee or if the redeeming party is a judgment creditor or junior mortgagee or any transferee thereof, then all recorded judgments, recorded mortgages and recorded liens having a higher priority in existence at the time of sale which are revived under Section 6 — 5—248(c)[, Ala.Code 1975].”
(Emphasis added.) If such “lawful charges” were intended to include the “balance due” on “the debt for which the property was sold [at foreclosure],” again, the Legislature could have said so. Instead, the Legislature spoke only of “other ... lien[s] or encumbrance[s]” in the first clause of the quoted paragraph, and limited the operation of the second clause to redemptions by judgment creditors and junior mortgagees (and their transferees) and to recorded judgments, mortgages, and liens having a higher priority.
There is only one provision in § 6-5-253 that specifically speaks to any obligation by a redemptioner to pay off the “balance due” on “the debt for which the property was sold” at foreclosure. That provision is the second paragraph of § 6-5-253(a)(4). That provision, however, conditions the obligation it imposes on “the redemption [being] made from a person who at the time of redemption owned the debt for which the property was sold.” (Emphasis added.) This condition was not met in the present case. See Estes v. Johnson, 234 Ala. 191, 174 So. 632 (1937) (holding under the predecessor of § 6-5-253(a)(4) that a redemptioner was not obligated to pay the balance of the mortgage debt not paid by the amount of the purchase price paid at foreclosure because the redemption was not “ ‘made from a person who at the time of redemption owned the debt for which the property was sold’ ”). See also Dicie v. Morris, 285 Ala. 650, 235 So.2d 796 (1970); Dawsey v. Kirven, 212 Ala. 652, 103 So. 866 (1925) (holding that, under the predecessor of § 6-5-253(a)(4), a person exercising redemption rights is required to pay the balance of the mortgage debt if that debt is owned at the time of redemption by the person from whom the redemption is made, even though such person acquired such balance after the foreclosure sale).
The main opinion relies upon Garrett v. Federal Land Bank of New Orleans, 239 Ala. 191, 194 So. 530 (1940). In Garrett, however, the Supreme Court explained that the mortgagor filed his complaint for redemption against both the purchaser at foreclosure and the purchaser’s vendee. Moreover, the purchaser at foreclosure, the Federal Land Bank, was a necessary party to the redemption action under the particular facts of that case because the bank continued to hold legal title to the property and an equitable interest therein as security for the purchase money that *689 was still owed to it from its vendee. The Supreme Court therefore explained that
“[o]ur holding is that complainant cannot treat this case as one for redemption from the vendees of the purchaser alone. It seeks redemption from all the respondents; and the balance due on the mortgage debt, was owned by respondent Bank at time of suit brought; was, therefore, a lawful charge, and there was no error in the decree rendered in this regard.”
Garrett, 239 Ala. at 194, 194 So. at 532. Indeed, the Supreme Court
“conceded that if this property had been purchased at the foreclosure sale by the[] vendees, and [the vendees] were the sole parties respondent, they could not, after suit brought, acquire the unpaid balance on the mortgage debt, and thus impair the [mortgagor’s] statutory right of redemption by thus increasing the lawful charges.”
Garrett, 239 Ala. at 193, 194 So. at 531-32 (explaining that “[t]he equities of complainant when suit brought cannot be defeated pending the suit save by his own act or default”). See also Durr Drug Co. v. Acree, 241 Ala. 391, 396, 2 So.2d 903, 907 (1941) (holding that the “date of redemption” within a statute providing that the purchaser of land is entitled to all rents paid or accrued to date of redemption means the “date of the tender to redeem kept good”).
My understanding of the applicable provisions of § 6-5-253 is reinforced not only by the caselaw, but also by the provisions of § 6-5-248. In § 6-5-248(c), the Legislature, by negative implication, indicates that it did not intend for any balance due on the debt for which the property was sold to be a “lawful charge” under § 6-5-253(a)(4). That section provides that when any “judgment creditor or junior mortgagee” (or any transferee thereof) redeems the real estate, all “recorded judgments, ... mortgages and ... liens having a higher recorded priority in existence at the time of the [foreclosure] sale” are revived and “shall become lawful charges pursuant to Section 6-5-253(a)(4) to be paid off at redemption.” The mortgage debt for which the property was sold is not included in this provision.
The mortgage debt for which the property is sold at foreclosure, however, does fall within the category of mortgages and liens addressed in § 6-5-248(d). That section states:
“(d) When any debtor, mortgagor, their transferees, their respective spouses, children, heirs, or devisees redeem, all recorded judgments, recorded mortgages, and recorded liens in existence at the time of the sale, are revived against the real estate redeemed and against the redeeming party and further redemption by some party other than the mortgagor or debtor under this article is precluded.”
(Emphasis added.)
Conspicuously absent from § 6-5-248(d) is any provision, as there is in the immediately preceding § 6-5-248(c), that the mortgages addressed therein will all become “lawful charges.” As the Comment explains, in “the event the debtor or [related] parties redeem, the lien amounts described in subsection (d) are revived but are not ‘lawful charges’ pursuant to Section 6-5-253(a)(4).”
Contrary to the argument made by the foreclosure sale purchaser in the present case (Pitt) and his transferees (the Kel-leys), the mortgagors (the Nnaifes) will not reap a windfall from the result which I believe is dictated by our statutes and cases. Following the redemption, the mortgagor will continue to owe to the mortgagee the balance of the original *690 mortgage debt not paid from the proceeds of the foreclosure sale, and that debt will continue to be secured by the mortgage on the property. Ala.Code 1975, § 6-5-248(d).
CRAWLEY, J., concurs.