174 So. 632

## ESTES et al. v. JOHNSON.

### 6 Div. 103.

Supreme Court of Alabama.

May 20, 1937.

J. J. Curtis and Herman Maddox, both of Jasper, for appellants.

Arthur Fite, of Jasper, for appellee.

FOSTER, Justice.

The bill in this case seeks to enforce the statutory right to redeem land sold under the power contained in a mortgage.

The mortgage was made to a bank, and was foreclosed by the superintendent of banks liquidating the affairs of the mortgagee. The superintendent of banks bought in the property at less than the mortgage debt, and thereafter sold the land to respondents, without transferring to them the unpaid balance of the debt. After all this occurred, the mortgagors "sold, transferred, conveyed and assigned to this complainant in writing their right to redeem the said lands from the foreclosure sale." He filed this suit within the time provided by law in which it may be done. He alleged a tender of the amount bid at the foreclosure sale, and 10 per cent. interest, and a demand for a statement of lawful charges and items claimed by defendants to be necessary to redeem, and that no such statement was furnished complainant.

The court overruled the demurrer to the bill.

Appellants contend that complainant had no interest in the land, and that, without such interest, an assignment of the mere right of redemption is not effective to confer it so as to justify such a bill. But since the Code of 1907, § 5746 (section 10140, Code of 1923), the mortgagor has been able, after foreclosure, to convey such a right to a stranger to the title, who could then enforce it in equity. Johnson v. Davis, 180 Ala. 143, 60 So. 799; Leith v. Galloway Coal Co., 189 Ala. 204, 66 So. 149; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Toney v. Chenault, 204 Ala. 329, 85 So. 742. The parties on whom the statute confers the right may enforce it, though they otherwise own no such interest as would justify it. Malone v. Nelson, 232 Ala. 243, 167 So. 714.

The authorities predicated upon rights conferred by law prior to the changes wrought by sections 5746, Code of 1907, and 10140, Code of 1923, have no application now in so far as they are affected by such change of the law.

Appellants also contend that complainant should have offered to pay the balance of the mortgage debt not paid by the amount of the purchase price. But this is not required under subdivision 4 of section 10145, unless "the redemption is made from a person who at the time of redemption owned the debt for which the property was sold." Dawsey v. Kirven, 212 Ala. 652, 103 So. 866; Malone v. Gray, 230 Ala. 130, 160 So. 331. No claim is made that appellants own the balance of the debt.

At the time when appellants acquired their rights, either directly or in succession to those of the purchaser at foreclosure sale, the law had fixed the status to which we have referred. It did not deprive them of any property or rights without due process. They acquired their rights subject to those conferred by section 10140, then in existence as did also their predecessor in ownership, who bought at the foreclosure sale. Cowley v. Shields, 180 Ala. 48, 60 So. 267.

We think there was no error in the decree overruling the demurrer to the bill in so far as it is affected by the questions urged on this appeal.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.