175 So.2d 755

**Jo Ann FLIRT**

**v.**

**Virginia KIRKPATRICK et al.**

**, 1 Div. 233.**

Supreme Court of Alabama.

May 27, 1965.

Jas. R. Owen, Bay Minette, for appellees.

David R. Coley, III, Mobile, for appellant.

HARWOOD, Justice.

On 31 January 1961, Shirley K. Epperson was granted a divorce a vinculo from Arthur C. Epperson. She was also given custody of the six minor children of the marriage for ten months out of each year. The decree further awarded her the sum of $250 each month for her support and that of the minor children, and a lien in Shirley K. Epperson's favor was placed upon all of the real property of Arthur Epperson, to secure the payment of the amounts provided for in the decree. Further, the Register was ordered to file a copy of the decree in the office of the Probate Judge of Baldwin County, Alabama, within ten days of the rendition of the decree with directions to the Probate Judge as to indexing the decree.

Thereafter, Arthur C. Epperson being in substantial arrears in the payment of the support money decreed, proceedings were instituted in equity by Shirley K. Epperson

to foreclose the lien in an effort to obtain payment of the arrears. Pursuant to such proceedings the lower court ordered the Register to sell the property involved in this suit at public sale, and such sale was had on 18 September 1961, the purchaser being Virginia I. Kirkpatrick who paid $5,000 for the property. The report of the sale by the Register was confirmed by the court on 18 October 1961. The court found that $2,018 was due the complainant for the support of herself and the minor children, and further ordered the Register to pay the sum of $250 per month to complainant for support as decreed out of the balance remaining in the Register's hands until the entire proceeds of the sale were exhausted.

On 30 June 1962, Arthur C. Epperson, for a recited consideration of $10 cash and other good and valuable consideration, sold and conveyed to Jo Ann Flirt his right, title, and interest in and to the suit property, and specifically conveyed his right of redemption in and to the property.

On 3 July 1962, Jo Ann Flirt by letter informed Mrs. Kirkpatrick, the purchaser at the lien foreclosure sale, that she had purchased the right of redemption of the property from Arthur C. Epperson, and that she desired to redeem the same. She requested a statement of the bid price paid, all legal charges, and interest due, and notified Mrs. Kirkpatrick she was prepared to pay all legal charges due on delivery of a deed conveying Mrs. Kirkpatrick's interest in the property to her.

James R. Owen, as attorney for Mrs. Kirkpatrick, by letter dated 13 July 1962, replied to Miss Flirt's letter of 3 July 1962, and inclosed a statement. Mr. Owen also wrote: "We are, however, taking the position that you do not have the right to redeem this property."

The statement furnished by Mr. Owen was as follows:

"Purchase price of property ....$ 5000.00
Interest until July 18, 1962 ....     416.67
1961 Taxes ..................      18.90
Pro rata share of 1962 taxes ..       9.18
Attorneys fee ................     500.00
Amount due on debt from
  Arthur C. Epperson ........    4500.00 *
                                 _____
                                 10,444.76

* Add to this amount, interest at
  6% per annum on $250.00 per
  month since February 1, 1961."

Thereafter Jo Ann Flirt filed her bill against Mrs. Kirkpatrick substantially setting forth the above facts and praying that the Chancellor ascertain the correct amount necessary to redeem the property, and upon such ascertainment that an order be entered enforcing her right of redemption.

There were demurrers and an answer, and an answer and cross bill by the respondent Virginia Kirkpatrick. The answer and cross bill also set up many of the facts above set forth, and the cross bill avers that the sale of the statutory right of redemption was a subterfuge on the part of Epperson and Jo Ann Flirt to avoid the terms of the divorce decree as to the support due under the decree.

At the hearing below only one witness testified for each party. Jo Ann Flirt testified that she was a niece of Arthur C. Epperson and that she had paid him $750.00 in cash for his interest in the property, and his right of redemption as evidenced by the instrument of 30 June 1962. She further testified that she had had no other business relations with her uncle.

The respondent introduced as a witness a realtor who testified that the value of the property in question was $16,500. We assume this valuation related to the time of the proceedings below but no such time was shown by the testimony.

Documentary evidence relative to the decree of divorce, the foreclosure of the lien, the sale of the right of redemption by Epperson, etc., were introduced by one party or the other, thus rounding out the facts as elucidated.

At the conclusion of the hearing the court entered a decree finding that Jo Ann Flirt was a niece of Arthur C. Epperson and enjoyed a confidential relationship with him; that the purported sale of the right of redemption was voluntarily made but that no consideration was paid therefor; that such conveyance was a subterfuge on the part of Epperson to avoid the terms of the divorce decree; and that the value of the property was $16,500.

The court ordered that the conveyance of the right to redeem executed to Jo Ann Flirt be set aside and held to be null and void, and that Jo Ann Flirt had no right to redeem.

Section 727, Title 7, Code of Alabama 1940 provides in pertinent parts:

"Where real estate, or any interest therein, is sold * * * by virtue of any decree in the circuit court * * *, the same may be redeemed by the * * * vendee or assignee of the equity or statutory right of redemption, * * * from the purchaser or his vendee, within two years thereafter * * *."

Section 743, Title 7, Code of Alabama 1940, provides that statutory rights of redemption are mere personal privileges, and are not subject to levy and sale under execution or attachment, not subject to alienation except in cases provided for in "this chapter."

An assignee of the right to redeem mortgaged land is entitled to redeem even though he has no other interest in the land to justify redemption, and the redemption may now be had after foreclosure of the mortgage. Estes v. Johnson, 234 Ala. 191, 174 So. 632. By analogy the same principles should govern redemption by the assignee of the right of redemption of property sold under a decree of the circuit court foreclosing a lien.

We can find no basis in the record for the court's finding that no consideration was paid by Jo Ann Flirt for the right of redemption conveyed to her by Epperson. The conveyance recites a consideration of $10.00 and other good and valuable consideration. Miss Flirt testified that she paid $750.00 for the redemption right. This testimony stands uncontradicted in the record.

Nor is the court's finding that the conveyance by Epperson was a subterfuge to avoid the terms of the divorce decree of any materiality. Mrs. Epperson, the divorced wife, was the creditor of Arthur C. Epperson at the time of the conveyance insofar as the payment of alimony was concerned. Arthur C. Epperson's statutory right of redemption being a mere personal privilege, and immune from execution or attachment, he was at liberty to convey or assign such right. A sale or other disposition of property which is by law exempt from payment of debts cannot be impeached by creditors as fraudulent, since creditors cannot be deemed concerned with property not subject to their demands. May v. Strickland, 235 Ala. 482, 180 So. 93, and cases therein cited. Since Mrs. Epperson, as a creditor, could not have questioned the transfer of the right of redemption, clearly the purchaser at the foreclosure sale could not do so.

When Mrs. Epperson, the divorced wife, perfected her proceedings to foreclose her lien on the property, and the property was sold, the lien which she held was divested by such proceedings and ceased to exist, for all liens against a property are divested by a judicial sale, unless clearly preserved by a legislative act. 25 Cyc., p. 676; Schmidt v. Gatewood, 2 Rich.Eq. (S.C.) 162; Borough of Bellevue v. Umstead, 38 Pa.Super. 116.

We note that one of the items or charges claimed by Mrs. Kirkpatrick in her statement to Miss Flirt is the sum of $500.00 as attorney's fees. In the event of further proceedings we point out that this is not a lawful charge for redemption of the property. The effort of Miss Flirt to exercise her statutory right of redemption is independent of the decree awarding alimony.

No reduction or increase in the amount of maintenance to be paid was involved in the proceedings to redeem. See Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; Keith v. Paden, 255 Ala. 294, 51 So.2d 9.

It being apparent that the court erred in denying appellant's right to redeem this property, and in setting aside the conveyance to her of Epperson's statutory right of redemption, and this error being the subject of appropriate assignments of error, this decree of the lower court is reversed and the cause remanded thereto for the entry of an appropriate decree consonant with this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.