235 So.2d 796

Nellie DICIE

v.

DeWayne MORRIS.

6 Div. 720.

Supreme Court of Alabama.

May 15, 1970.

Izas Bahakel, Birmingham, for appellant.

Carlos E. Heaps, Birmingham, for appellee.

McCALL, Justice.

This is an appeal by the complainant from an adverse final decree in equity, rendered under a bill of complaint fixing the amounts to be paid to effect the statutory right to redeem real property sold under the power contained in a mortgage.

The appellant is the third mortgagee of the subject real property, and, as such junior encumbrancer, seeks to redeem under Tit. 7, § 727, Code of Alabama, 1940, from the appellee, who with another were the grantees in a statutory warranty deed from the mortgagee-purchaser at the foreclosure sale. The cotenant subsequently conveyed his undivided one-half interest to the appellee. Code § 727 provides that where real estate is sold under power of sale in a mortgage, the same may be redeemed by a junior mortgagee from the purchaser or his vendee, within two years thereafter in the manner provided in that chapter of the Code. Section 732 of Tit. 7 of that chapter of the Code of Alabama, 1940, states that anyone entitled to and desiring to redeem must pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of ten per cent per annum thereon, and all other lawful charges with legal interest. These charges are set out in this statute.

The appellant contends that the purchase money, and the amount thereof, required to redeem under said § 732 of the Code, is that sum which the appellee and his cotenant paid the mortgagee-purchaser as consideration for the deed of conveyance of the property to them, being $4500, and not the amount which the mortgagee-purchaser bid and paid for the property at the mortgage foreclosure sale, namely, the sum of $9,664.36.

The appellant cites Estes v. Johnson, 234 Ala. 191, 174 So. 632, to support his position. We distinguish that case from the

case at bar only to the extent that here, the mortgagee-purchaser bid the amount of the mortgage indebtedness at foreclosure, and thereafter conveyed to the appellee and his former cotenant for a less amount of money, while in Estes v. Johnson, supra, the mortgagee-purchaser bid a less amount at foreclosure than the mortgage debt, and later conveyed the land to the respondent without transferring the unpaid balance owing on the mortgage debt. In the *Estes* case, supra, the transferee of the statutory right of redemption sought to redeem by tendering the amount bid at the foreclosure sale which was less than the mortgage debt, with ten per cent interest thereon. The respondent grantee contended that the redemptor should pay him the balance of the mortgage debt which was not paid by the amount of the purchase price bid. The court said:

" * * * But this is not required under subdivision 4 of section 10145, [Tit. 7, § 732, Code of Alabama, 1940] unless 'the redemption is made from a person who at the time of redemption owned the debt for which the property was sold.' * * *"

In plain words, since the grantee had not had the unpaid deficiency of the mortgage debt transferred to him, he had no right to payment of the entire debt, but only the amount of the purchase money that was paid when the property was bid in at foreclosure. Thus the *Estes* case, supra, recognized that the grantee had the right to demand the amount of the purchase money bid at foreclosure, and by doing so, furnishes authority here for holding that the amount bid at foreclosure by the mortgagee-purchaser, constitutes the purchase money referred to in Tit. 7, § 732, Code of 1940. That amount, equaling the mortgage debt, extinguished that debt in toto. Irby v. Commercial National Bank, 203 Ala. 228, 82 So. 478; Continent Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809; Upchurch v. West, 234 Ala. 604, 176 So. 186.

The appellant's insistence that since the mortgage debt was not transferred and as-signed to the appellee, the appellee cannot claim the amount bid at foreclosure as the purchase money referred to in said § 732 of the Code, overlooks, first, that the mortgage debt was extinguished by the amount of the foreclosure bid, authorities, supra, and second, that in the *Estes* case, supra, the court treated the amount of the bid at foreclosure as the purchase money, not what the respondent grantee paid for the property. There the court held that since the deficiency amount of the mortgage indebtedness had not been transferred and assigned to the grantee, the latter had no right to claim it. Here there is no deficiency, but as in the *Estes* case, supra, we likewise look to the amount of the bid at foreclosure as being the purchase money, and not to what the appellee paid the mortgagee-purchaser for the property.

Subdivision 3 of said § 732 of the Code provides as a lawful charge any other valid lien or encumbrance paid by the vendee, which must be paid or tendered to the vendee upon redeeming. The appellee is entitled therefore to charge the sums he has paid the first mortgagee, and also, legal interest thereon to the date of redemption. Lytle v. Robertson, 233 Ala. 161, 170 So. 484. The trial court ascertained the amount of this item of lawful charge, and we find no occasion to disagree with its finding.

The appellant claims money collected by the appellee for rental of the subject premises since the filing of her bill to redeem on December 26, 1968. Under the statute, Subdivision 6 of said § 732 of the Code, the purchaser is "entitled to all rents paid or accrued to date of the redemption, and the rents must be prorated to such date."

In Durr Drug Co. v. Acree, 241 Ala. 391, 2 So.2d 903, it was held that rents collected prior to tender and offer to redeem were the property of the purchaser. Then the court said:

" * * * The date of redemption should be interpreted to mean the date of the tender to redeem kept good. We

have shown that when no prior tender is necessary, the filing of the bill prosecuted to effect is the date of tender in that respect."

Admittedly, there has been no tender to redeem. The appellant insists that none was necessary, because the bill avers that the appellant, after having exercised reasonable diligence, has been unable to ascertain the true amounts necessary to redeem and she prays that the court will aid her in ascertaining the true amounts due which she offers to pay.

In Francis v. White, 160 Ala. 523, 527, 49 So. 334, this court said:

"* * * So, in the bill to redeem under the statute, the debtor must either aver a payment or a tender of all the amounts by the statute required, or to show a valid excuse for failure therein, before filing, such as nonresidency of purchaser, or redemptioner's inability to ascertain the amounts necessary to be paid or tendered, and ask the court to aid him in ascertaining the true amounts, and offer to pay such amounts before insisting upon his right to redeem or to be reinvested with the title. Francis v. White, 142 Ala. 590, 39 South. 174. Payment or tender of the amounts necessary to redeem is not in all cases a prerequisite to the filing or maintaining of the bill, yet it is always such to the perfection of the right to redeem, and the bill must offer to pay or tender such amounts when ascertained, and show a valid excuse for not so doing before the filing of the bill as well as a good reason why the aid of the court is necessary for this special purpose."

In our opinion the bill avers a valid excuse as to why these amounts were not paid or tendered before its filing, and

the proof supports this averment. The parties were in bona fide disagreement as to what were lawful charges, and also, as to the amounts of some charges. A resort to equity was necessary to decide these issues, or the appellant, in the alternative, stood to either pay what she considered unlawful charges, or lose her right to redeem. This shows a valid excuse for failure to pay or tender into court the amounts required by the statute. Accordingly, we hold that the date of the filing of the original bill is the date of redemption and that the appellant is entitled to all rents paid or accrued subsequently to December 26, 1968, and to prorate the rent as of that date.

Both parties have stipulated in the record that $2,213.51 constitutes the net rents collected through April 30, 1969, so we will treat this sum as being correct. This amount, together with any subsequently paid or accrued rents to the date of appellant's perfection of her right of redemption with legal interest thereon, shall be credited to appellant and deducted from the amount of $22,708.73 with legal interest thereon from May 26, 1969 added, the latter amount being the total sum necessary to redeem as found by the trial court.

The decree of the trial court is affirmed as herein modified, and the cause is remanded to that court for the redemption to be accomplished pursuant to the modified decree within sixty days from this judgment. The appellant is taxed with two-thirds of the cost of this appeal, and the appellee with one-third thereof.

Modified in part, affirmed as modified, and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.