Gail Munnerlyn, the plaintiff below, appeals from the order of the Montgomery Circuit Court dismissing her action against *Page 437 
the State of Alabama Department of Corrections ("the DOC"); Michael Haley, the former commissioner of the DOC; Donal Campbell, the then current commissioner of the DOC; and Glen Newton, the former assistant commissioner of the DOC (hereinafter collectively "the defendants"). We affirm.
 Facts and Procedural History
On May 20, 2000, Warren R. Robinson, a prison inmate, was driving a state-owned vehicle as part of the DOC's work-release program. Robinson's job was to transport inmates to and from work-release job sites. While he was driving the state-owned vehicle, Robinson backed into a vehicle driven by Munnerlyn, causing a collision. Robinson had no automobile insurance in place at the time of the collision, and he was not covered by the State Employees' General Liability Trust Fund ("the Fund").[1]
On May 14, 2004, Munnerlyn sued Robinson; the DOC; Haley, in his individual capacity; Campbell, in his individual and official capacities; Newton, in his individual capacity; and various fictitiously named defendants. Munnerlyn alleged both individual claims and claims on behalf of a purported class. Specifically, Munnerlyn alleged the following individual claims: (1) that Robinson, while driving a state-owned vehicle, had negligently backed the vehicle into Munnerlyn's vehicle and (2) that the defendants and various fictitiously named defendants had negligently entrusted a state-owned vehicle to an incompetent and uninsured driver in violation of §32-7A-4(a), Ala. Code 1975. Munnerlyn's class-action claims were based upon the allegation that the putative class — all citizens of the State of Alabama — were at risk of immediate and irreparable personal injury or property damage as a result of inmates who had no automobile insurance driving state-owned vehicles in violation of § 32-7A-4(a), Ala. Code 1975. The complaint sought money damages for Munnerlyn; an order certifying a class action pursuant to Rule 23, Ala. R. Civ. P.; and an order enjoining the State of Alabama from allowing incarcerated inmates to drive state-owned vehicles without automobile insurance.
On July 6, 2004, the defendants filed a motion to dismiss or, in the alternative, for a summary judgment. The defendants argued that Munnerlyn could not meet the Rule 23, Ala. R. Civ. P., requirements for certification of a class, that the defendants were entitled to immunity, and that the defendants had not violated § 32-7A-4(a), Ala. Code 1975. Munnerlyn opposed the motion, arguing that the defendants were not entitled to immunity and that they had violated §32-7A-4(a), Ala. Code 1975.
The trial court held a hearing on the defendants' motion. According to the trial court's final order, Munnerlyn acknowledged at the hearing that "Robinson was competent to drive and that her only theory under [her claim alleging negligent entrustment] concerned a negligent entrustment to an uninsured motorist in violation of § 32-7A-4."
The trial court granted the defendants' motion to dismiss as to all claims, finding that Munnerlyn failed to state a claim upon which relief could be granted. See Rule 12(b)(6), Ala. R. Civ. P. The trial court certified the judgment as to the defendants as final pursuant to Rule 54(b), Ala. R. Civ. P. Munnerlyn appealed.
 Standard of Review "`The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. *Page 438 
P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"
Beckerle v. Moore, 909 So.2d 185, 187 (Ala. 2005) (quoting Nance v. Matthews, 622 So.2d 297, 299
(Ala. 1993)).
 Discussion
The basis of Munnerlyn's claims is that the defendants violated § 32-7A-4(a), Ala. Code 1975, a part of the Alabama Mandatory Liability Insurance Act ("the Act"), which states, in pertinent part:
 "No person shall operate, register, or maintain registration of, and no owner shall permit another person to operate, register, or maintain registration of, a motor vehicle designed to be used on a public highway unless the motor vehicle is covered by a liability insurance policy, motor vehicle liability bond, or deposit of cash."
Munnerlyn argues that the defendants violated § 32-7A-4(a) by allowing Robinson to operate a state-owned vehicle without automobile liability insurance. However, the Act also states that it
 "shall not apply to any of the following vehicles or operators:
 ". . . .
 "(2) Motor vehicles owned and operated by the United States or any agency thereof, the State of Alabama, or any political or governmental subdivision thereof."
§ 32-7A-5(2), Ala. Code 1975. On appeal, Munnerlyn argues that the trial court erred in finding that the exception related to state-owned vehicles set out in § 32-7A-5(2) applied to the vehicle being driven by Robinson at the time of the accident. However, the defendants assert that, under the rules of statutory construction and under the plain meaning of the Act, the trial court's finding is correct. We agree.
 "In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
 "`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."'
 "Blue Cross Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)); see also Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n, 589 So.2d 687, 689
(Ala. 1991); Coastal States Gas Transmission Co. v. Alabama Pub. Serv. Comm'n, 524 So.2d 357, 360
(Ala. 1988); Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223
(Ala. 1984); Dumas Bros. Mfg. Co. v. Southern Guar. Ins. *Page 439 Co., 431 So.2d 534, 536 (Ala. 1983); Town of Loxley v. Rosinton Water, Sewer, Fire Protection Auth., Inc., 376 So.2d 705, 708
(Ala. 1979). It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala. 1997).
 ". . . .
 ". . . [T]he point is that it is not our place to engage in such a guessing game. That is why we must look first to the plain meaning of the words the legislature used. We should turn to extrinsic aids to determine the meaning of a piece of legislation only if we can draw no rational conclusion from a straightforward application of the terms of the statute."
DeKalb County LP Gas Co. v. Suburban Gas, Inc.,729 So.2d 270, 275-77 (Ala. 1998).[2]
Section 32-7A-5(2), Ala. Code 1975, is not ambiguous. Rather, it clearly states that the Act does not apply to vehicles owned by the State of Alabama. Therefore, in looking at the plain meaning of the words as written by the legislature, the state-owned-vehicle exemption clearly applies to the facts of this case.
Munnerlyn argues further that the legislature could not have intended to exempt inmates who drive state-owned vehicles with no automobile liability insurance when it enacted §32-7A-5(2). Specifically, Munnerlyn contends that the legislature exempted state-owned vehicles from the Act because State employees, unlike Robinson, were already insured under the Fund. Pursuant to § 36-1-6, Ala. Code 1975, the Fund provides coverage for any State employee "who operates a motor vehicle in the performance of his or her duties," insuring the employee against "personal liability arising out of and a proximate consequence of the operation of a motor vehicle." Munnerlyn cites Ex parte Fontaine Trailer Co., 854 So.2d 71, 83
(Ala. 2003), which states that "`[i]t is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law'" (quotingBlue Cross Blue Shield of Alabama, Inc. v.Nielsen, 714 So.2d 293, 297 (Ala. 1998)). Thus, Munnerlyn argues that the legislature, in enacting the state-owned-vehicle exception, is presumed to have known that existing laws provided motor-vehicle insurance coverage for State employees pursuant to § 36-1-6. Therefore, Munnerlyn asserts, in enacting the state-owned-vehicle exception, it was "clearly" not the intent of the legislature to allow inmates, who are not covered by the Fund, to drive state-owned vehicles without having automobile insurance.[3] *Page 440 
Regardless, the plain language of § 32-7A-5(2) exempts state-owned vehicles from the requirement that drivers of motor vehicles must carry liability insurance. See DeKalb CountyLP Gas, 729 So.2d at 277 (holding that the Court should not attempt to determine "legislative intent" unless the Court "can draw no rational conclusion from a straightforward application of the terms of the statute"). Because the language of §32-7A-5(2) is unambiguous, this Court will not venture to guess what the legislature might have intended. See DeKalb CountyLP Gas, 729 So.2d at 277 ("[I]t is not our place to engage in such a guessing game. That is why we must look first to the plain meaning of the words the legislature used."). Therefore, by allowing an uninsured driver to operate a state-owned vehicle, the defendants did not violate § 32-7A-4(a) — the provision of the Act requiring that drivers of motor vehicles carry liability insurance.
"[T]he ramifications of the words [of § 32-7A-5(2) may be] inefficient or unusual"; however, "it is our job to say what the law is, not to say what it should be." DeKalb County LPGas, 729 So.2d at 276. See also Tolar Constr., LLC v.Kean Elec. Co., 944 So.2d 138, 152 (Ala. 2006) (stating that "[i]t undeniably appears that . . . `the ramifications of the words are inefficient or unusual,' DeKalb County LPGas, [729 So.2d at 276], but such considerations are of no import to this Court in the event the text is clear"). The law here clearly and unambiguously exempts state-owned vehicles from the Act. This Court cannot look beyond the plain meaning of § 32-7A-5(2) because to do so would be inconsistent with the separation-of-powers doctrine. That inmates should not be permitted to operate state-owned vehicles without auto-mobile insurance is unquestionably a prudent policy; however, that argument "should be directed to the legislature, not to this Court." DeKalb County LP Gas, 729 So.2d at 277. Seealso Pitts v. Gangi, 896 So.2d 433, 436 (Ala. 2004) ("There is clearly a `rational' way to view the words of the Legislature. It may not reflect a policy that the members of this Court would adopt, but that is an entirely different matter. If the Legislature intends this statute to be applied in a different manner, the Legislature may correct the statute in its own way and its own time."); Simcala v. American CoalTrade, Inc., 821 So.2d 197, 203 (Ala. 2001) ("If adverse effects on market conditions warrant a different result [than that demanded by a `plain meaning' interpretation,] it is for the Legislature, not this Court, to amend the statute."); andFolmar Assocs. LLP v. Holberg, 776 So.2d 112, 118
(Ala. 2000) ("While there may be valid policy arguments for extending the Act . . . `it is not for the Judiciary to impose its view on the Legislature.'" (quoting Ex parte T.B.,698 So.2d 127, 130 (Ala. 1997))). We agree with the trial court's finding that "§ 32-7A-4 and § 32-7A-5(2) are clear and unambiguous, and together the statutes exclude State-owned vehicles from the requirement that all motor vehicles must be insured."
 Conclusion
The basis of Munnerlyn's individual and class-action claims is that the defendants violated the Mandatory Liability Insurance Act by allowing an uninsured driver to operate a state-owned vehicle. Because we find that the defendants did not violate the Act, Munnerlyn cannot prove any set of circumstances that would entitle her to relief. Therefore, we affirm the order of *Page 441 
the trial court dismissing her claims against the defendants.
AFFIRMED
NABERS, C.J., and LYONS, WOODALL, and PARKER, JJ., concur.
[1] After the accident, Kim Higgens, the acting risk manager of the Fund, wrote a letter to Munnerlyn informing her that the Fund was not authorized to provide compensation for damage caused by prisoners in the custody of the DOC.
[2] As explained in DeKalb County LP Gas, supra, this Court's application of the plain-meaning rule is guided by Art. III, § 42, of the Alabama Constitution of 1901, which provides for the separation of powers between three departments of state government. See generally Marc James Ayers,Unpacking Alabama's Plain-Meaning Rule of StatutoryInterpretation, 67 Ala. Law. 31, 32 (Jan.2006).
[3] The defendants claim in their brief on appeal that Munnerlyn can still seek relief from the Alabama Board of Adjustment. Section 41-9-62, Ala. Code 1975, states:
 "(a) The Board of Adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider:
 "(1) All claims for damages to the person or property growing out of any injury done to either the person or property by the State of Alabama or any of its agencies, commissions, boards, institutions, or departments. . . ."