COBB, Chief Justice
(concurring in part and concurring in the result).
I agree with the majority’s decision to overrule Ex parte Weaver, 570 So.2d 675 (Ala.1990), because had I been on the Court when that case was decided I would have dissented. I also agree with most of the majority’s detailed analysis comparing and contrasting the positions and responsibilities of the governor and the attorney general. To me, the analysis can be condensed to a- simple concept: Governor Riley is the governor. He is the leader of the executive branch. For our democratic form of government in our State to work as intended, someone must have the final say. The Alabama Constitution makes'it clear that that person, for' the executive branch, is the governor.
The majority “conclude[s] that the statutes discussing the powers and duties of the attorney general do not authorize the attorney general to interfere with or to direct and control litigation being pursued by officers who are acting pursuant to directions from the governor” under the governor’s statutory authority. 57 So.3d *742 at 736. Thus, Attorney General King may not interfere with Governor Riley’s direction and control over the persons and agencies carrying out Governor Riley’s directions in this case, and he may not assume direction or control of Governor Riley’s counsel and legal positions.
In this case, Attorney General King has intervened in an attempt to displace Governor Riley’s control over Governor Riley’s case, his lawyers, and his legal positions. Thus, this is not a case addressing the attorney general’s right to intervene in a case and to present his own legal positions without assuming control of the governor’s case, and the parties have not pointed us to any constitutional or statutory authority that excludes that possibility. Accordingly, nothing in our opinion today addresses the fact that the attorney general has the right — some might say the duty — to intervene in a civil action in the event that his opinion of the law, as applied to the facts, differs from the governor’s.[24]
The attorney general’s right and duty to form his own legal opinions and, if necessary, to resolve any difference of opinion with the governor on legal matters in the courts does not call into question the separation-of-powers doctrine. It is the duty of the executive to faithfully carry out the laws; it is the courts’ “ ‘job to say what the law is.’ ” Munnerlyn v. Alabama Dep’t of Corr., 946 So.2d 436, 439 (Ala.2006) (quoting DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-77 (Ala.1998)). See also Marbury v. Madison, 5 U.S. (1 Crunch) 137, 177, 2 L.Ed. 60 (1803) (“It is emphatically the province and duty of the judicial department to say what the law is.”); Opinion of the Justices No. 338, 624 So.2d 107, 110 (Ala.1993); Ex parte Weaver, 570 So.2d at 685 (Houston, J., dissenting) (“Black’s Law Dictionary, at 511 [ (5th ed. 1979) ], defines ‘executive powers’: ‘Power to execute laws.... The executive powers vested in governors by state constitutions include the power to execute the laws, that is, to carry them into effect, as distinguished from the power to make the laws and the power to judge them.’ ”).

. Ala.Code 1975, § 36-15-1(2) ("[The attorney general] shall attend, on the part of the state, to all criminal cases pending in the Supreme Court or Court of Criminal Appeals, and to all civil actions in which the state is a party in the Supreme Court or Court of Civil Appeals. He or she shall also attend to all cases other than criminal that may be pending in the courts of this state, in which the state may be in any manner concerned, and shall appear in the courts of other states or of the United States, in any case in which the state may be interested in the result." (emphasis added)).