PITTMAN, Judge.
Cocina Superior, LLC (“the taxpayer”), which owns a restaurant in Birmingham that sells alcoholic beverages to the public, appealed to the Jefferson Circuit Court from two final assessments of the Jefferson County Department of Revenue (“the Department”), pursuant to § 40-2A-7(b)(5)b.2.(iii) Ala.Code 1975, a part of the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, § 40-2A-1 et seq., Ala.Code 1975. The assessments reflected that, for the years 2008-2010, the taxpayer owed $72,911.74 pursuant to the “Alabama Liquor Tax,” Act No. 388, Ala. Acts 1965, as amended by Act No. 747, Ala. Acts 1979, and $33,910.07 pursuant to the “Alabama Additional Sales Tax [of 3%] on Alcoholic Beverages,” Act No. 545, Ala. Acts 2001 (effective May 18, 2001).
Section 2 of Act No. 747, Ala. Acts 1979, amended § 3 of Act No. 388, Ala. Acts 1965, and levied a tax on “[wjhiskey, gin, brandy, rum, vodka, cocktails, and all other alcoholic beverages except malt beverages, sold, distributed, delivered, stored, or taken out of storage within the county....” On March 25, 1986, the Jefferson County Commission adopted a resolution that states, in pertinent part:
“There is hereby levied, fixed, and ordained a license tax on each person selling, distributing, delivering, storing or withdrawing from storage for retail within the County of 6% of the gross receipts realized by such person from the distribution, delivery, sale, storage or withdrawal from storage in the County of whiskey, gin, brandy, rum, vodka, cocktails, and all other alcoholic beverages and drinks containing alcohol except malt beverages, wine, and other fermented beverages, sold or distributed, stored or taken out of storage in the county.”
(Emphasis added.) Section 3 of Act No. 545, Ala. Acts 2001, provides, in pertinent part:
“Notwithstanding any provision of law and pursuant to Section 104 of the Constitution of Alabama of 1901, there is imposed, in addition to all other taxes, including, but not limited to, municipal gross receipts license taxes, a three percent sales tax on alcoholic beverages sold from restaurants that are licensed *315 by the Alcoholic Beverage Control Board.”
(Emphasis added.)
In the circuit court, the parties filed cross-motions for a summary judgment, agreeing that there were no disputed issues of fact and that the issue to be resolved was a question of law for the circuit court. The taxpayer argued that the applicable legislation called for the imposition of a tax on the gross receipts derived from the sale of “alcoholic beverages,” but, it said, the Department’s assessments were erroneously based upon the taxpayer’s gross sales of mixed drinks that were composed of both alcoholic beverages and nonalcoholic mixing agents such as colas, sodas, and juices. The taxpayer asserted that its internal policy and procedure dictated that each mixed drink contain 1.25 ounces of alcohol, and, it maintained, the taxes were due only on the alcohol portion of the mixed drinks, exclusive of any nonalcoholic mixing agent.
The taxpayer also argued that the Department’s assessments denied it due process and equal protection of the law because, it said, its restaurant is a more upscale establishment with higher overhead expenses than many other facilities that sell alcoholic beverages and it is, therefore, required to charge higher prices and, consequently, pay more taxes for the mixed drinks it sells.
The Department argued that the plain meaning of “alcoholic beverage” is a beverage containing alcohol, irrespective of whether the beverage also contains nonalcoholic mixing agents. In support of that argument, the Department cited the inclusion of the phrase “cocktails, and all other alcoholic beverages and drinks containing alcohol,” in the Jefferson County Commission’s resolution promulgated pursuant to Act No. 747, which inclusion, the Department said, indicates an intent to consider cocktails and mixed drinks as “alcoholic beverages.” The Department also cited the definition of “alcoholic beverages” in Title 28, Chapter 3 of the Alabama Code 1975, which relates to the “regulation and control of alcoholic beverages in wet counties,” i.e., counties in which the sale of alcoholic beverages is permitted. Section 28-3-1, Ala.Code 1975, provides, in pertinent part:
“The following words or phrases, whenever they appear in this chapter, and in Alcoholic Beverage Licensing Code, being Act No. 80-529, Acts of Alabama, 1980, as amended, appearing as Chapter 3A, Title 28, as amended, and the Alabama Table Wine Act, being Act 80-382, Acts of Alabama 1980, as amended, appearing as Chapter 7, Title 28, as amended, unless the context clearly indicates otherwise, shall have the meaning ascribed to them in this section:
“(1) Alcoholic beverages. Any alcoholic, spirituous, vinous, fermented, or other alcoholic beverage, or combination of liquors and mixed liquor, a part of which is spirituous, vinous, fermented, or otherwise alcoholic, and all drinks or drinkable liquids, preparations or mixtures intended for beverage purposes, which contain one-half of one percent or more of alcohol by volume, and shall include liquor, beer, and wine.”
(Emphasis added.)
On May 6, 2012, the circuit court entered a partial summary judgment in favor of the Department on the issue of the taxpayer’s liability to pay the assessments. The circuit court stated:
“[The taxpayer] argues that the County has no right to impose the tax on the non-alcoholic ‘mixing agents’ which are mixed with the alcohol to create cocktails and other mixed drinks. It says *316 that the taxes should be on only the 1.25 ounces of alcohol contained in said drinks.
“The Court disagrees. Words used in a statute must be given their natural, plain, ordinary and commonly understood meaning, and where plain language is used, a court is bound to interpret that language to mean exactly what it says. IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992).
“The Court must presume that the legislature knew the exact meaning of the words it used in the statute. Our representatives certainly knew the meaning of ‘cocktails, and all other alcoholic beverages and drinks containing alcohol.’ That is what they taxed, and not just the alcohol contained within such drinks. While the language in the second statute is not as specific, it clearly is based upon the first statute and the same ruling must apply to both.
“The taxpayer’s next argument is that the assessments violate its constitutional rights to due process and equal protection. It says that other restaurants and bars can sell drinks for less and that it would be unfair to tax [the taxpayer] on the higher priced drink. Under the relevant statute, [the taxpayer] is treated the same as other sellers of alcoholic drinks. They are all charged sales tax on the basis of gross receipts from the retail sale of alcoholic beverages. This is not unfair and certainly does not violate [the taxpayer’s] rights to due process or equal protection, under either the Constitution of the State of Alabama or of the United States.”
Following the Department’s recalculation of past-due taxes, penalties, and interest owed by the taxpayer for a time within the applicable statutory limitations period, the circuit court entered a final judgment on May 8, 2012, determining that the taxpayer owed $99,876.01. The taxpayer timely appealed.
We review a summary judgment de novo, applying the same standard of review as the trial court applied. Turner v. Westhampton Court, L.L.C., 903 So.2d 82, 87 (Ala.2004). In addition, the issues raised by the taxpayer present questions of law for which our review is de novo. Espinoza v. Rudolph, 46 So.3d 403, 412 (Ala.2010).
“ ‘In determining the meaning of a statute, [trial and appellate courts] look[] to the plain meaning of the words as written by the legislature. As [our supreme court has] said:
‘ “ < “Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”’
“ ‘Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992))_ [0]nly if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).
[[Image here]]
[[Image here]]
*317 “DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-77 (Ala.1998).2
[[Image here]]
“ 2As explained in DeKalb County LP Gas, supra, this Court’s application of the plain-meaning rule is guided by Art. Ill, § 42, of the Alabama Constitution of 1901, which provides for the separation of powers between three departments of state government. See generally Marc James Ayers, Unpacking Alabama’s Plain-Meaning Rule of Statutory Interpretation, 67 Ala. Law. 31, 32 (Jan.2006).”
Munnerlyn v. Alabama Dep’t of Corr., 946 So.2d 436, 438-39 (Ala.2006). The circuit court correctly held that the plain meaning of “alcoholic beverage” is a beverage containing alcohol.
The circuit court also correctly held that the Department’s assessments did not violate the taxpayer’s right to due process or equal protection of the law. Every establishment that sells a drink containing alcohol is treated the same: each pays a gross-receipts tax amounting to six percent of its sales of such drinks. The fact that one purveyor charges more for its mixed drinks — and thereby pays more tax in an absolute sense — is a consequence of that purveyor’s pricing policy (a matter solely within the control of the purveyor) and not an unfair attribute of the system of taxation, which taxes all purveyors at the same tax rate. See City of Birmingham v. Stacy Williams Co., 356 So.2d 608, 611 (Ala.1978) (“[T]he class composed of wholesale tobacco merchants is not denied equal protection of laws because the class as a whole is treated fairly alike; no member of the class is allowed to deduct the sales tax on tobacco ... from its gross receipts.... ”).
The judgment of the Jefferson Circuit Court is affirmed.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ„ concur.